Argued March 16, affirmed April 8, 1971

# DENNY, *Appellant, v.* PUBLIC WELFARE DIVISION, *Respondent.*

483 P2d 463

*Graham Walker*, Portland, argued the cause and filed the briefs for appellant.

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Petitioner is the son of a public welfare recipient. The defendant determined pursuant to proceedings, the regularity of which are not challenged, that he was obligated to contribute to his mother's support, as provided in ORS ch 416, the Relatives' Responsibility Law. Thereafter he sought review in the circuit court, which "concluded that the findings of fact and conclusions of law of the defendant Division should be affirmed" and accordingly adopted them. Petitioner appeals.

He contends that he is exempt from liability under ORS 416.030 (2)(b).[1] He claims that during at least a part of his childhood he was a dependent child

---

[1] ORS 416.030 (2):

"No liability for the support of a needy person shall be imposed under the provisions of ORS 416.010 to 416.260 upon:

"* * * * *

"(b) The child of a needy person if, during the minority of the child, such person wilfully deserted or abandoned the child, or, by expulsion or cruelty, drove the child from the parental home, or, without good cause, was responsible for the child's being 'dependent' as defined by subsection (2) of ORS 418.205."

within the meaning of that statute and that his status as such was "without good cause" as therein set forth.

His principal contention is that during the early years of his life his mother, upon several occasions, placed him for care in a series of foster homes. The evidence is uncontradicted that she did so only to enable her to try to earn a living. She first was separated from her husband and subsequently divorced him during this time. During this period she always contributed to petitioner's support.

■ A parent may find it necessary to place a small child at times in a temporary foster home situation so as to earn a livelihood for them both, or because of illness, and such a placement may indeed be *for* rather than *without* good cause. There is no presumption that a child who is a dependent child as defined in ORS 419.476 has become so "without good cause."

In *Kerr v. Public Welfare Comm.*, 3 Or App 27, 470 P2d 167, Sup Ct *review denied* (1970), we discussed ORS 416.030(2)(b) at length. It would unnecessarily lengthen this opinion to outline petitioner's remaining factual contentions. There was ample evidence here to support the conclusion of the respondent and the trial court that the petitioner was not exempted under ORS 416.030(2)(b). We find that petitioner has failed to establish his claim of exemption thereunder.

Petitioner's second assignment challenges the constitutionality of the procedures provided for administrative action on the asserted ground that "the duality of a hearings officer also representing the agency was a denial of due process."

In *Mallatt v. Luihn*, 206 Or 678, 294 P2d 871 (1956), the Supreme Court considered at length the constitutionality of the enforcement procedures pro-

vided in the Oregon Relatives' Responsibility Law, ORS ch 416, and said:

"It is our opinion that there is no violation of due process in either of the enforcement procedures provided by the statute. * * *" 206 Or at 697.

The judgment is affirmed.